UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JEFFRIES #690553,

       Plaintiff,                            Hon. Jane M. Beckering

v.                                           Case No. 1:25-cv-254

KYM L. WORTHY, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff initiated this action under 42 U.S.C. § 1983 against Defendants Prosecutor Kym L. Worthy, Prosecutor Teana Walsh, Detective Darryl Chappell, Mayor Mike Duggan, and Unknown Parties. (ECF No. 1). On April 16, 2025, the Court granted Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 7). Because Plaintiff has been permitted to proceed as a pauper, the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this action be dismissed.

## BACKGROUND

    In the complaint, Plaintiff states that he brings this 42 U.S.C. § 1983 action against Defendants for "issuing a false arrest, false police report . . . on July 4, 2014 in relation to a shooting attempted murder, great bodily harm less than murder, and felonious possession of a weapon, and firearm charges." (ECF No. 1 at PageID.3). He identified the date of the shooting as July 2, 2014. (*Id.*) Plaintiff further alleges

there was "deliberate indifference to [his] safety needs" and "failure to protect [his] due process rights." (*Id.*)  He lastly alleges that "[t]he negligence, gross negligence, and supervisory liability" led to Plaintiff being bound over for trial despite the absence of probable cause.  (*Id.*)  Plaintiff's requested relief includes being released from prison and $6 million. (*Id.* at PageID.4).

## ANALYSIS

*Pro se* pleadings are liberally construed. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*  As the Court further observed:

2

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Plaintiff's present complaint must be dismissed for two different reasons. First, Plaintiff's complaint fails to state a claim because he fails to allege sufficient facts. His allegations are vague and conclusory. For example, Plaintiff alleges that there was no probable cause to arrest him and that there was "a false police report to arrest." (ECF No. 1 at PageID.3). But he does not allege who authored the false police report or the reason it was false. Moreover, he does not allege any fact against any individual Defendant. Simply, Plaintiff has failed to allege facts which, if proven, would entitle him to relief. Accordingly, the undersigned recommends that this matter be dismissed for failure to state a claim on which relief may be granted.

Second, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that an individual cannot assert a cognizable claim for damages under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he or she shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87 (footnote omitted).

The Michigan Department of Corrections' Offender Tracking Information System shows that Plaintiff is presently confined at the Earnest C. Brooks Correctional Facility, serving an 18-to-30-year sentence for assault with intent to commit murder and a 2-year sentence for felony firearms.[1]  The date of the offense is listed as July 2, 2014.  Therefore, Plaintiff's false arrest and lack of probable clause claims call into question the validity of his conviction, which has not been reversed, expunged, declared invalid, or otherwise called into question.  Accordingly, Plaintiff's claims are not cognizable under § 1983, and the undersigned recommends that the claims be dismissed for failure to state a claim. *See Hunt v. Michigan,* 482 F. App'x 20, 22 (6th Cir. 2012) (holding that a claim barred by Heck is properly dismissed for failure to state a claim).

---

[1] *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=690553 (Inmate No. 690553) (last accessed April 22, 2025).

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint (ECF No. 1) be dismissed for failure to state a claim on which relief may be granted. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States,* 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 22, 2025

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge